IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARMANDO J. DOCTOR,
Inmate No. X24893,
    Plaintiff,

vs.                                    Case No.:  3:15cv273/MCR/EMT

MARSHA NICHOLS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 3).  Leave to proceed in forma pauperis has been granted (doc. 5).  Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), sues Marsha Nichols, a member of the medical staff at Santa Rosa Correctional Institution, claiming that she disparaged his religion and threatened him, in violation of the First and Eighth Amendments (doc. 3 at 5–7).  As relief, he seeks $25,500.00 and an order revoking Defendant's medical license (*id.* at 7).

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below the court recommends that this action be dismissed.

       Because Plaintiff was a prisoner when he commenced this action and is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of

perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to

FDOC rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 3 at 3–5). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either "Yes" or "No," Plaintiff marked "Yes" and identified a case he filed against Sergeant Arusula in 2013 in the Middle District of Florida, Doctor v. Arusula, Case No. 3:13cv1322/MMH/PDB (*id.*). Question D of Section IV asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id.*). Question D continues, "If so, identify each and every case so dismissed" (*id.*). Plaintiff did not answer that question, nor did he identify any cases (*id.*).

Plaintiff thus stated that at the time he filed the instant case, he had only initiated one other action in federal court that related to the fact or manner of his incarceration or the conditions of his confinement. Additionally, he did not disclose any action in federal court that was dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE**

**UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 7).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in this case, June 27, 2015, he previously filed four cases in federal court that related to the conditions of his confinement, only one of which he disclosed.[1] Plaintiff filed <u>Doctor v. Officer Koslowski</u>, Case No. 2:10cv260/CEH/SPC in the United States District Court for the Middle District of Florida. *See id.*, Complaint (M.D. Fla. Apr. 29, 2010). He was an inmate of the FDOC (housed at Charlotte Correctional Institution) at the time he filed his complaint, and he complained of the conditions of his confinement at Charlotte C.I., specifically, that Officer Koslowski use excessive force against him. On June 3, 2010, the district court dismissed the case, prior to service, because Plaintiff failed to comply with a court order. *See id.*, Order (M.D. Fla. June 3, 2010). Plaintiff did not list this case in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to one of those questions.

Additionally, Plaintiff previously filed <u>Doctor v. Nichols</u>, Case No. 3:11cv226/MCR/CJK in this federal court. *See id.*, Complaint (N.D. Fla. May 10, 2011). Plaintiff was an inmate of the FDOC (housed at Santa Rosa Correctional Institution) at the time he filed his complaint, and he complained that Defendant Nichols failed to provide adequate medical treatment for his diabetes, in violation of his constitutional rights. *See id.* On December 5, 2011, the district court dismissed the case prior to service upon granting Plaintiff's motion for voluntary dismissal. *See id.*, Order (N.D. Fla. Dec. 5, 2011). Plaintiff did not list this case in Section IV of the instant complaint, even though it qualified as a court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to one of those questions.

Plaintiff also previously filed <u>Doctor v. Espino</u>, Case No. 3:13cv645/TJC/PDB in the United States District Court for the Middle District of Florida. *See id.*, Complaint (M.D. Fla. June 5, 2013). He was an inmate of the FDOC (housed at Florida State Prison) at the time he filed his complaint, and he complained of the conditions of his confinement at Florida State Prison and Union

---

[1] The inmate number of the plaintiff in those four cases is #X24893, the same as Plaintiff's (*see* doc. 3 at 1).

Correctional Institution, specifically, that Defendants failed to provide adequate medical treatment for his diabetes and used excessive force against him.[2]  On February 17, 2015, the district court dismissed the case, prior to service, as frivolous.  *See id.*, Order (M.D. Fla. Feb. 17, 2015).  Plaintiff did not list this case in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to one of those questions.

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[3]  *See* Spires v. Taylor, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000).  The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff.  This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action may result from his untruthful answers to the

---

[2] During the pendency of the case, Plaintiff's address of record changed to Santa Rosa Correctional Institution, and all documents were served upon him there.

[3] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  Rivera, 144 F.3d at 726.

Case No.:  3:15cv273/MCR/EMT

questions in Section IV of the complaint form.[4]  Yet Plaintiff failed to disclose all of the cases he was required to disclose.  If Plaintiff suffered no penalty for his untruthful response to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[5]  See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Spires, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.    That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.    That all pending motions be **DENIED** as moot; and

3.    That the clerk be directed to close this file.

---

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (see doc. 3 at 3).

[5] Although Plaintiff has the right to amend his complaint as a matter of course, see Fed. R. Civ. P. 15(a)(1), amending his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process.  See Hood, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose in his initial complaint, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

Case No.:  3:15cv273/MCR/EMT

At Pensacola, Florida, this 19<u>th</u> day of August 2015.


              /s/ *Elizabeth M. Timothy*
              **ELIZABETH M. TIMOTHY**
              **CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:15cv273/MCR/EMT